UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEVATIONS PLUS, LLC., a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CITY COUNCIL OF RIVERBANK, et al.,<br><br>Defendants. | No. 1:20-cv-01469-DAD-SKO<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 5) |

This matter is before the court on the motion to dismiss plaintiff's complaint filed on behalf of defendants City Council of Riverbank ("City Council") and City of Riverbank ("City") pursuant to Federal Rules of Criminal Procedure 12(b)(5) and (b)(6).[1] (Doc. No. 5.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, defendants' motion was taken under submission on the papers. (Doc. No. 7.) For the reasons explained below, the court will grant defendants' motion to dismiss without leave to amend.

---

[1] Because the court concludes that consideration of defendants' motion to dismiss brought under Rule 12(b)(5) is dispositive, the court will not address defendants' arguments in support of its motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted nor will the court address the applicable legal standards governing a motion brought under Rule 12(b)(6).

1

**BACKGROUND**

Plaintiff Elevations Plus, LLC filed its complaint initiating this action in the Stanislaus County Superior Court on June 29, 2020. (Doc. No. 1-1 at 4.) Plaintiff then filed its first amended complaint in the Stanislaus County Superior Court on September 15, 2020. (*Id*. at 49 ("FAC").) Therein, plaintiff alleges the following. In August of 2017, the City adopted an ordinance that provided a regulatory structure for commercial cannabis activities. (FAC at ¶ 7.) Pursuant to the adoption of that ordinance, plaintiff promptly applied for a cannabis retail permit and paid the required application fee. (*Id.* at ¶ 8.) At the time plaintiff submitted its application, the City was only accepting four applications for cannabis retail permits, and plaintiff's was the fourth application to be submitted. (*Id.* at ¶ 9.) The City initially approved two of the first four applications but delayed ruling on plaintiff's application. (*Id.*) Then, on January 23, 2018, the City Council approved a six-month moratorium on the issuance of cannabis retail permits in the City in order to evaluate the actual progress and performance of the first two approved applicants. (*Id.* at ¶ 10.) On April 17, 2018, the City approved plaintiff's architecture and site plan review in connection with plaintiff's project but still did not approve plaintiff's application for a cannabis retail permit. (*Id.* at ¶ 12.) Upon approval of the architecture and site plan review, plaintiff continued its pursuit of the proper permits to begin operating its business. (*Id.* at ¶ 13.) However, on June 26, 2018, the City Council extended the moratorium for another year. (*Id*.) On January 4, 2019, plaintiff received an email from Donna Kenney, the planning and building manager for the City, stating that the moratorium would be an agenda item for a City Council meeting on January 8, 2019. (*Id.* at ¶ 15.) In the wake of that meeting, the City Council extended the moratorium for yet another year. (*Id.* at ¶ 16.) Plaintiff immediately attempted to appeal the City Council's decision extending the moratorium, even reaching out to the City Clerk on January 14, 2019 to confirm that its request for an appeal was recorded as timely made. (*Id*. at ¶¶ 18, 20.) In response, the City Clerk informed plaintiff that the decision was not appealable since there is no mechanism to appeal a policy decision made by the City Council. (*Id.*)

In December 2019, the City Planning Commission voted unanimously to recommend the approval of plaintiff's development agreement application to the City Council. (*Id.* at ¶ 22.)

However, despite the Planning Commission's recommendation, the City Council denied plaintiff's application on January 28, 2020. (*Id*. at ¶ 25.) The City Council justified its decision based upon concerns over the sustainability of a third marijuana dispensary in the area. (*Id.* at ¶ 26.) Notwithstanding these concerns regarding plaintiff's application, the City voted to approve the development agreement and conditional use permit for a different dispensary, Canna Mart, on May 19, 2020. (*Id.* at ¶ 27.) Plaintiff alleges that the City unjustly denied plaintiff's ability to move forward with the permitting process. (*Id.* at ¶ 29.) Plaintiff bases this allegation on the fact that Canna Mart's business is proposed to be twice the size and caliber of plaintiff's proposed retail store, cutting against the City Council's stated justifications for denying plaintiff's application. (*Id.*) Plaintiff is now hundreds of thousands of dollars into its project and has been ready and willing to begin business "notwithstanding the constant impediment of [the] City Council's ultimate and inequitable determinations." (*Id.* at ¶ 32.)

Based upon these allegations, plaintiff asserts a cause of action pursuant to 42 U.S.C. § 1983 for violations of its procedural and substantive due process rights under the Fifth and Fourteenth Amendments. (*Id.* at ¶¶ 33–38.) Plaintiff also requests injunctive and declaratory relief, though plaintiff labels those requests for relief as separate causes of action. (*Id.* at ¶¶ 39, 44.)

On October 15, 2020, this case was removed by defendants from the Stanislaus County Superior Court to this federal court pursuant to federal question jurisdiction under 28 U.S.C. § 1331. (Doc. No. 1.) On October 22, 2020, defendants filed a motion to dismiss plaintiff's complaint in its entirety. (Doc. No. 5.) Defendants also filed a request for judicial notice on October 22, 2020. (Doc. No. 6.) On November 17, 2020, plaintiff filed its opposition to the pending motion to dismiss. (Doc. No. 8.) On November 24, 2020, defendants filed their reply thereto. (Doc. No. 9.)

**LEGAL STANDARD**

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 12(b)(5) permits a motion to dismiss to be brought for insufficient service

3

of process. "The court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion." *Cotti v. City of San Jose*, No. 5:18-cv-02980-BLF, 2019 WL 2579206, at *5 (N.D. Cal. June 24, 2019) (citation omitted). Federal Rule of Civil Procedure 4 does not apply to service of process where service was completed prior to removal to federal court. *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017). "Instead, sufficiency of service is governed by state law because service occurred before removal." *Garcia v. Doe White Trucking Co.*, No. 3:20-cv-00134-SI, 2020 WL 1156911, at *4 n.3 (N.D. Cal. Mar. 10, 2020).

**ANALYSIS**

Defendants contend that because under California Government Code § 65009(c) service of this action was untimely, it's motion to dismiss pursuant to Rule 12(b)(5) should be granted. (Doc. No. 5-1 at 7.) "Section 65009 is located in division 1 (Planning and Zoning) of title 7 (Planning and Land Use) of the Government Code." *Aids Healthcare Foundation, Inc. v. City and Cnty. of San Francisco*, 208 F. Supp. 3d 1095, 1100 (N.D. Cal. 2016). "It establishes a short, 90-day statute of limitations, applicable to both the filing and service of challenges to a broad range of local zoning and planning decisions." *Id.* In moving to dismiss plaintiff's complaint, defendants specifically rely on subdivision (c)(1) of § 65009, which states:

> [N]o action or proceeding shall be maintained in any of the following cases by any person unless the action or proceeding is commenced and service is made on the legislative body within 90 days after the legislative body's decision:
>
> (D) To attack, review, set aside, void, or annul the decision of a legislative body to adopt, amend, or modify a development agreement. An action or proceeding to attack, review, set aside, void, or annul the decisions of a legislative body to adopt, amend, or modify a development agreement shall only extend to the specific portion of the development agreement that is the subject of the adoption, amendment, or modification. This paragraph applies to development agreements, amendments, and modifications adopted on or after January 1, 1996.
>
> (E) To attack, review, set aside, void, or annul any decision on the matters listed in Sections 65901 and 65903, or to determine the reasonableness, legality, or validity of any condition attached to a variance, conditional use permit, or any other permit.

In moving to dismiss plaintiff's complaint, defendants also rely on California Government Code § 65009(e), which provides that "[u]pon expiration of the time limits provided for in this section, all

4

persons are barred from any further action or proceeding."

As an initial matter, determining whether service was effectively executed in this case is governed by state law and not by Federal Rule of Civil Procedure 4(m) because the "analysis concerns the statute of limitations" for development agreement petitions and conditional use permit petitions, "which are governed by substantive state law, rather than the general procedural rules for service in federal courts." *Killgore v. City of South El Monte*, No. 2:19-cv-00442-SVW-JEM, 2019 WL 8105371, at *10 (C.D. Cal. Dec. 19, 2019) (citing *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011)). Accordingly, whether this action was timely brought and defendants served is a question governed by the statute of limitations set forth in California Government Code § 65009(c), since it involves a development agreement. *See* Cal. Gov. Code § 65009(c)(1)(D) (applying the 90-day statute of limitations to development agreement denials); *see also* (Compl. at ¶ 4) ("Plaintiff is, at all times mentioned, a limited liability company registered with the State of California and an applicant for a Development Agreement 03-2017, and Conditional Use Permit 06-2017, pursuant to Riverbank City Ordinance No. 2017-007 ('Cannabis Ordinance')."). This same statute of limitations also applies to plaintiff's conditional use permit application under § 65009(c)(1)(E), which covers "any decision on the matters listed in Section 65901 and 65903, or to determine the reasonableness, legality, or validity of any condition attached to a variance, conditional use permit, or any other permit." Cal. Gov. Code § 65009(c)(1)(E).

Defendants argue that the City's decision regarding plaintiff's development agreement was made on January 28, 2020 and, under § 65009(e), plaintiff therefore had 90 days from that date to both initiate this action and serve defendants. (Doc. No. 5-1 at 10.) Defendants contend that plaintiff did not file its complaint initiating this action until June 29, 2020 (153 days after the City's decision) and did not serve defendants until July 22, 2020 (176 days after the City's decision). (*Id.*) Defendants therefore conclude that the court should dismiss plaintiff's complaint as untimely served pursuant to Federal Rule of Civil Procedure 12(b)(5). (*Id.* at 12.)

In opposition to the pending motion, plaintiff asserts that California Government Code § 65009 does not apply here because "(1) Defendant did not properly notice Plaintiff; and (2)

5

| | |
|---|---|
| 1 | Plaintiff attempted to appeal the City Council's decision to extend the moratorium." (Doc. No. 8 |
| 2 | at 9.) In this regard, plaintiff first argues that defendants did not properly provide plaintiff notice |
| 3 | of the January 8, 2019 decision to extend the moratorium and plaintiff was therefore "deprived of |
| 4 | any opportunity to present a formal case in opposition of this decision or to address it by public |
| 5 | comment . . . ." (*Id.*) Second, with regard to the January 28, 2020 hearing at which plaintiff's |
| 6 | application was denied, plaintiff contends that defendants did not avail themselves of California |
| 7 | Government Code § 65009 in light of the following language appearing in § 65009(b)(2): |

> If a public agency desires the provisions of this subdivision to apply to a matter, it shall include in any public notice issued pursuant to this title a notice substantially stating all of the following: "If you challenge the (nature of the proposed action) in court, you may be limited to raising only those issues you or someone else raised at the public hearing described in this notice, or in written correspondence delivered to the (public entity conducting the hearing) at, or prior to, the public hearing."

Plaintiff argues that defendants did not issue a public notice in connection with the January 28, 2020 hearing and that even if they did, "it was not properly individually noticed to Plaintiff, and therefore Plaintiff would not be bound by such language." (Doc. No. 8 at 9–10.) Plaintiff thus appears to conclude that because defendants did not properly notice the January 28, 2020 hearing, "and as such, could not have included the necessary language to assert the protections under section 65009," plaintiff's claims are not time barred by § 65009. (*Id.* at 10.)

Plaintiff's arguments regarding the claimed lack of notice are not persuasive, however, because "[§ 65009(c)] does not mandate any specific form of notice to Plaintiff." *Killgore*, 2019 WL 8105371 at *10 (dismissing an action as time-barred under that provision). Plaintiff's arguments that defendants did not abide by § 65009(b)(2) are likewise inapplicable because that subdivision of the statute deals only with which issues may be raised in an action challenging a legislative decision. Cal. Gov. Code § 65009(b).[2] However, nothing in § 65009(b)(2) pertains to

---

[2] Specifically, California Government Code § 65009(b)(1) states that a plaintiff may only challenge issues that were "raised in the public hearing." Section 65009(b)(2) provides that for a public agency to avail itself of the limitations set forth in § 65009(b)(1), the agency must include language in any public notice to the effect of "[i]f you challenge the (nature of the proposed action) in court, you may be limited to raising only those issues you or someone else raised at the public hearing described in this notice . . . ." Cal. Gov. Code § 65009(b)(2).

6

the statute of limitations requirements set forth in § 65009(c)(1).

Next, the court addresses plaintiff's argument that it was not individually noticed. (Doc. No. 8 at 9–10.) In advancing this notice argument, plaintiff appears to conflate pre-hearing notice with notice of the final legislative decision. (Doc. No. 8 at 10) ("Plaintiff reminds the Court that Defendant has yet to address whether there was constitutional pre-hearing notice at all."). Plaintiff appears to argue that it was entitled to notice before the initial hearing on its application and then again after the City Council's final decision. However, § 65009(c)(1) by its terms does not require any notice *at all* after a legislative decision is made, let alone individual notice. Next, regarding pre-hearing notice, California Government Code § 65905(a) states that a public hearing shall be held on an application for a conditional use permit and § 65905(b) states that notice of a hearing held pursuant to subdivision (a) shall be given pursuant to § 65091. California Government Code § 65091 in turn lists how notice shall be given. For the purposes of this action, § 65091 requires that notice of the hearing be mailed or delivered at least ten days prior to the hearing to the owner of the subject real property. Cal. Gov. Code § 65091(a)(1). Thus, plaintiff was entitled to pre-hearing notice. However, nowhere in plaintiff's complaint is it alleged that plaintiff did not receive notice of the January 28, 2020 hearing on its application.[3] Indeed, defendants point to the minutes of that hearing, which reflects that a public notice of the hearing was published in the Riverbank News on January 15, 2020 and a letter to all owners of property within 300 feet of the proposed project was sent out on January 9, 2020.[4] (Doc. No. 9 at 6) (citing Doc. No. 6 at 17.)

The decision in *Save Lafayette Trees v. City of Lafayette*, 32 Cal. App. 5th 148 (2019) is instructive in resolving the pending motion. In that case the plaintiff made a similar argument to

---

[3] Plaintiff also apparently complains that it did not receive individual notice prior to the City Council's decision to extend the moratorium on cannabis retail permits. (Doc. No. 8 at 9.) However, plaintiff cites no authority, nor has the court identified any, for the proposition that plaintiff was entitled to individual notice regarding a hearing that did not relate directly to its property or then pending application.

[4] The court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion. *Cotti*, 2019 WL 2579206 at *5.

7

that of plaintiff here, arguing that "it is excused from compliance with section 65009 because the city failed to provide its members with written notice prior to the city council's meeting . . . ." *Save Lafayette Trees*, 32 Cal. App. 5th at 158–59. The plaintiff itself in that case acknowledged, that under settled law, "'the statute of limitations applicable to [its] due process claims derives from the statute or ordinance on which those claims are based.'" *Id*. at 159 n.9. The California Court of Appeal held that because the plaintiff's due process claims arose from the city's alleged failure to comply with the 10-day public notice provisions before *approving the agreement*, the plaintiff's due process claims were time barred under § 65009(c), as were the plaintiff's claims based on the alleged violations of the planning and zoning law. *Id.* By the same token, even if defendants in this case had not provided the required 10-day notice of the January 28, 2020 hearing, the same reasoning applied by the state appellate court in *Save Lafayette Trees* would apply. The statute of limitations applicable to plaintiff's due process claims "derives from the [ordinance] on which those claims are based." *Id.* Plaintiff's due process claim based on the claimed lack of notice would be time-barred since it derives from the City Council's decision under the cannabis ordinance, which is subject to the limitations described in § 65009(c)(1). Plaintiff's individualized notice arguments in opposition to the pending motion to dismiss are therefore unpersuasive.

The court also concludes that "'the pleadings could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). Because plaintiff's claims are plainly barred by the applicable limitations period under § 65009(c)(1), any amendment would be futile.

**CONCLUSION**

Accordingly, the motion to dismiss (Doc. No. 5) brought on behalf of defendants City Council of Riverbank and City of Riverbank is granted with prejudice. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 26, 2021**

UNITED STATES DISTRICT JUDGE

8